**NOT FOR PUBLICATION**

DEC 03 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30331 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05314-RJB-4 |
| v. | |
| JENNIFER BYERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30377 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05314-RJB-2 |
| v. | |
| JESICA McMULLIN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding
Submitted November 7, 2012[**]
Seattle, Washington

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    W. FLETCHER and FISHER, Circuit Judges, and QUIST, Senior District Judge.***

Co-defendants Jennifer Byers and Jesica McMullin were each convicted of seven counts of mail fraud in violation of 18 U.S.C. § 1341 and a single count of financial aid fraud in violation of 20 U.S.C. § 1097(a).  On appeal, Byers and McMullin argue that the district court erred in denying their motions for judgment of acquittal because there was insufficient evidence to convict them.  *See* Fed. R. Crim. P. 29.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Insufficiency of the evidence claims are reviewed de novo. *See United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004).  However, because Byers and McMullin failed to renew their motions for acquittal at the close of the evidence, we review for plain error or to prevent a manifest miscarriage of justice.[1] *See United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200-01 (9th Cir. 2000).  There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

---

*** The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

[1] Sufficient evidence supports Byers's and McMullin's convictions under either standard.

2

I

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Byers guilty of committing, and aiding and abetting, mail fraud and financial aid fraud. *See* 20 USC § 1097(a) (elements of financial aid fraud include: (1) knowingly and willfully obtaining or attempting to obtain; (2) by fraud or false statement; (3) financial aid funds); *United States v. Meredith*, 685 F.3d 814, 820-21 (9th Cir. 2012) (explaining elements of mail fraud); *United States v. Delgado*, 357 F.3d 1061, 1065-66 (9th Cir. 2004) (explaining elements of aiding and abetting). The government's evidence at trial showed that Byers and other Crown College employees applied for retroactive student loans shortly after learning that the college would close, that Byers did not complete any classes during the retroactive loan period, that it had been seven years since she last applied for financial aid, and that Byers joined and facilitated the fraudulent financial aid scheme by drawing down the loan funds and issuing checks to herself and others. Byers's credibility arguments do not undermine her convictions. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review.").

The government's evidence against McMullin was similar to that against Byers. The evidence showed that McMullin, who had prior financial aid experience, devised the scheme to obtain student loans that would be discharged under the Department of Education's school closure policy, that McMullin was not an active student at the time she applied for financial aid nor during the retroactive loan period, that she had not applied for financial aid in more than three years, that McMullin applied for retroactive financial aid for her husband knowing that he had never been, and had no plans to become, a student at Crown College, and that McMullin initially denied to an investigator any knowledge of a loan application for her husband. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements for mail fraud and financial aid fraud beyond a reasonable doubt.

**AFFIRMED**.